**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
JOHARI N. TOWNES (SBN 252369)
jtownes@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LARIOS,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>    Defendant. | Case No.<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>[*Filed concurrently with: (1) Civil Cover Sheet; and (2) Certification and Notice of Interested Parties*]<br><br>[Orange County Superior Court Case No. 30-2016-00857211-CL-NP-CJC]<br><br>Complaint Filed:  June 10, 2016<br>Trial Date:          TBA |

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Capital One Bank (USA), N.A., sued erroneously as Capital One, National Association ("Capital One"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.  JURISDICTION**

Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Mario Larios ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, *et seq*. Further, the Court has supplemental jurisdiction over the state law cause of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.  STATEMENT OF THE CASE**

2. On June 10, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Orange, designated as Case Number 30-2016-00857211-CL-NP-CJC (the "Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Capital One in this case is attached hereto as *Exhibit A*.

3. Plaintiff asserts two (2) causes of action in his Complaint against Capital One. Those causes of action include: (1) violation of the TCPA; and (2) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal Civ. Code § 1788.1, *et seq*.

**C.  BASIS FOR REMOVAL**

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

5. Specifically, for example, Plaintiff's Complaint alleges that "[Capital One] … used an 'automatic telephone dialing system,' as defined by [the TCPA]" (*see* Ex. A, Compl., ¶ 6), that the "calls were placed to telephone number [sic] assigned to a cellular telephone service" (*id.*, ¶ 8), and that these acts "constitute numerous and multiple knowing and/or willful violations of the TCPA" (*id.*, ¶ 20). Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law. Thus, this Action is one which may be removed to this Court by Capital One pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

6. Additionally, this Court has supplemental jurisdiction over the remaining state law claims, because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). The facts related to Plaintiff's state law claim under the RFDCPA are intertwined with and based upon his allegations of wrongdoing under the federal TCPA claim in that both claims are based on allegedly unlawful calls by Capital One to Plaintiff. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claim.

**D.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7. Removal of this action is timely. Capital One was personally served with a copy of the Summons and Complaint in this action on June 17, 2016. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant . . . of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

8. Capital One is the only named Defendant in the action and therefore no consent of additional parties is required.

9. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1441(a) because the Action was filed in this District.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One from Plaintiff in the Action are attached hereto as *Exhibit A*.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Orange.

**WHEREFORE** Capital One prays that the above Action now pending against it in the Superior Court of the State of California, County of Orange, be removed therefrom to this Court.

DATED: July 15, 2016          DOLL AMIR & ELEY LLP


By: */s/ Johari N. Townes*
     JOHARI N. TOWNES
Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.